1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  DONALD C. STROUD,                    No. CIV S-09-0951-MCE-CMK-P

12                 Plaintiff,

13         vs.                           <u>FINDINGS AND RECOMMENDATIONS</u>

14  CALIFORNIA MEDICAL FACILITY,
    et al.,

15                 Defendants.

16  _____/

17

18              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

19  to 42 U.S.C. § 1983.  On April 15, 2009, the court directed plaintiff to submit either a completed

20  application for leave to proceed in forma pauperis or the full filing fee for this action within 30

21  days.  Plaintiff was warned that failure to comply may result in dismissal of this action.  <u>See</u>

22  Local Rule 11-110.  To date, plaintiff has failed to comply.

23              The court must weigh five factors before imposing the harsh sanction of

24  dismissal.  <u>See</u> <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Malone v.</u>

25  <u>U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

26  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

                                              1

the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to resolve the fee status for this case as directed, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED: May 27, 2009


_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

2